ADELIAD GIOVINI, Appellant, *v.* MORRIS ARLUCK, Respondent.

(Supreme Court, Appellate Term, First Department, October Term — Filed November, 1921.)

Motions and orders — renewal of motion to vacate default judgment limited to one year from date of entry of judgment — New York City Municipal Court Code, §§ 119(2), 129.

The right given by section 119(2) of the Municipal Court Code to renew a motion to vacate a default judgment is, by section 129 of said Code, limited to the period of one year from the date of the entry of judgment.

Where a motion to open a default judgment, made within a year after the date of its entry, was never decided, a motion to renew the undecided motion, made after the expiration of said year, does not vest the Municipal Court with jurisdiction to open the default and set aside the judgment.

APPEAL by plaintiff from three orders of the Municipal Court of the city of New York, borough of Manhattan, sixth district, vacating a judgment obtained by plaintiff upon defendant's default.

Thomas A. Aurelio, for appellant.

Phillips, Jaffe & Jaffe (Harold M. Phillips, of cc    ·¹⁾  ᶠᵒʳ respondent.

GUY, J. Plaintiff appeals from three orders entered herein; the first a short form order dated June 17, 1921, opening defendant's default and vacating the judgment entered thereon on May 4, 1920; second, a long form order entered June 21, 1921, to the same effect; third, an order entered on June 28, 1921, denying plaintiff's motion to set aside the order of June 21, 1921, on the ground that the court had no jurisdiction to make said order.

Following the entry of the default judgment on May 4, 1920, defendant moved to open the default, the return day for the hearing of said motion being July 16, 1920. On said date the court not being in session, by consent of both parties the papers were delivered to the clerk to be submitted by him to the court when in session. No decision was rendered on said motion, and it will be noted that the order of June 21, 1921, recites: "And the said motion having never thereafter been decided, and it being uncertain whether the same was ever submitted by the clerk to the court; Ordered that the said motions to open the defendant's default herein, heretofore made returnable July 16, 1920, and February 10, 1921, be, and the same hereby are renewed and reheard; that the said motion to open the defendant's default herein be, and the same hereby is granted, and the judgment heretofore entered herein by default on May 4, 1920, be, and the same hereby is vacated  *   *   *  and that upon compliance with the foregoing terms, this case be set down for trial on September 8, 1921."

The question immediately involved upon this appeal is whether the defendant having moved within a year after the entry of the default judgment to open said default, and the said motion having never been decided by the court to which it was submitted, defendant could, after the expiration of one year from

the entry of said judgment, renew the undecided motion and vest the court with jurisdiction to open the default and set aside the judgment. Section 129 of the Municipal Court Code provides: "A motion to open a default and to vacate and set aside a judgment entered thereon must be made with due diligence and upon good cause shown and in no event more than one year after entry of the judgment; * * *."

The contention of the defendant that having made the original motion returnable July 16, 1920, with due diligence, and the said motion having been submitted to the court and remaining undecided, he could renew the same and bring it up for argument after the expiration of one year, is without merit. The language of the statute is unequivocal, and in no event can the court entertain such a motion. The right of renewal given by the Municipal Court Code, section 119, subdivision 2, is limited by section 129 to the period of one year from the date of entry of judgment.

Order of June 28, 1921, denying plaintiff's motion to vacate the orders of June 17 and 21, 1921, reversed, with ten dollars costs, and motion granted, with ten dollars costs; and appeals from orders of June 17 and 21, 1921, dismissed.

Bijur and Wagner, JJ., concur.

Order reversed and motion granted, with costs.